IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RATAJA PINOLA,

Plaintiff,

v.

CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,

Defendants.
_____/

No. C 13-05871 SBA (PR)

**ORDER OF SERVICE**

**INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to his serious medical needs.

Venue is proper because the events giving rise to the claim are alleged to have occurred at PBSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: the California Correctional Health Care Services ("CCHCS"); CCHCS Chief L. D. Zamora; PBSP Chief Executive Officer Maureen McLean; PBSP Chief Medical Officer D. Jacobsen; PBSP Licenced Vocational Nurse Bev Lambert; and PBSP Sergeant J. Lacy. Plaintiff seeks injunctive relief and monetary damages.

**DISCUSSION**

**I.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.  Legal Claims

### A.  Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he suffers from high blood pressure and takes medication that makes his eyes "sensitive to light or any type of artificial light." Compl. at 4. Plaintiff claims that prior to arriving at PBSP, he was issued prescription eyeglasses at the California Correctional Institution, and that without those special glasses he experiences "headaches" and serious eye irritation. Id. at 6. Plaintiff alleges that Defendants Lambert and Lacy confiscated his prescription glasses on March 1, 2013, and denied his request to see a optometrist. Liberally construed, Plaintiff's allegations support an inference that he has serious medical needs and that Defendants were deliberately indifferent to those needs.

### B. Supervisory Liability Claim

Plaintiff also names Defendants Zamora, McLean and Jacobsen, who are PBSP supervisors. Plaintiff does not allege facts demonstrating that the aforementioned Defendants directly violated his federal rights, but claims instead that these Defendants are liable based on the conduct of their subordinates, Defendants Lambert and Lacy. There is, however, no respondeat superior liability under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that each Defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Plaintiff has not made such a claim.

Accordingly, Plaintiff's supervisory liability claim against Defendants Zamora, McLean and Jacobsen is DISMISSED without prejudice.

### C. Claim Against CCHCS

Plaintiff's claims against CCHCS must be dismissed. As a state agency, CCHCS is entitled to Eleventh Amendment immunity, which insulates it from suit in federal court. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (Eleventh Amendment bars suit against state superior court and its employees); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and California Department of Corrections not persons within meaning of Civil Rights Act); see also Raygor v. Regents of the University of Minnesota, 534 U.S. 533, 541-42 (2002) (Eleventh Amendment bar includes state law claims brought against a state in federal court under the supplemental jurisdiction statute, 28 U.S.C. § 1367). All claims against CCHCS are DISMISSED without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir.1999) (claims dismissed under the Eleventh Amendment "should be ... without prejudice so that a plaintiff may reassert his claims in a competent court").

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Lambert and Lacy.

3

2. Plaintiff's supervisory liability claim against Defendants Zamora, McLean and Jacobsen is DISMISSED without prejudice.

3. All claims against CCHCS are DISMISSED.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to **PBSP Licenced Vocational Nurse Bev Lambert and PBSP Sergeant J. Lacy**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due,

4

Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. Albino v. Baca, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (PLRA), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. Id. If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. Id. at 4-5. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. Id. at 5, 10.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the

---

[1] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

1 Court and served on Defendants no later than **twenty-eight (28) days** after the date on which
2 Defendants' motion is filed.

3           c.       Plaintiff is advised that a motion for summary judgment under Rule 56
4 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you
5 what you must do in order to oppose a motion for summary judgment. Generally, summary
6 judgment must be granted when there is no genuine issue of material fact -- that is, if there is
7 no real dispute about any fact that would affect the result of your case, the party who asked
8 for summary judgment is entitled to judgment as a matter of law, which will end your case.
9 When a party you are suing makes a motion for summary judgment that is properly
10 supported by declarations (or other sworn testimony), you cannot simply rely on what your
11 complaint says. Instead, you must set out specific facts in declarations, depositions, answers
12 to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the
13 facts shown in the defendant's declarations and documents and show that there is a genuine
14 issue of material fact for trial. If you do not submit your own evidence in opposition,
15 summary judgment, if appropriate, may be entered against you. If summary judgment is
16 granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63.

17      Plaintiff also is advised that -- in the rare event that Defendants argue that the failure
18 to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust
19 available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case,
20 albeit without prejudice. To avoid dismissal, you have the right to present any evidence to
21 show that you did exhaust your available administrative remedies before coming to federal
22 court. Such evidence may include: (1) declarations, which are statements signed under
23 penalty of perjury by you or others who have personal knowledge of relevant matters;
24 (2) authenticated documents -- documents accompanied by a declaration showing where they
25 came from and why they are authentic, or other sworn papers such as answers to
26 interrogatories or depositions; (3) statements in your complaint insofar as they were made
27 under penalty of perjury and they show that you have personal knowledge of the matters
28 state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust

6

under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. Albino, slip op. at 5, 10.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

        d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. See L.R. 3-11(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7

1       IT IS SO ORDERED.

2

3  DATED: May 5, 2014                               _____
                                                                SAUNDRA BROWN ARMSTRONG
                                                                United States District Judge